## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
#### Published only in the Abstract

---

No. 43

HAMMERSCHMIDT, Admx. v. DIETRICK et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5798. Decided June 1, 1925

303. COUNTY COMMISSIONERS—Not liable for damages caused by alleged negligence in keeping approach to bridge in proper repair, in absence of showing that cost of such repairs would have exceeded $50.

LEVINE, P. J.

This suit was commenced in the Cuyahoga Common Pleas by Margaret Hammerschmidt against A. R. Dietrick et al., as commissioners of Cuyahoga County. The cause of action set forth was for wrongful death resulting from negligence of the commissioners. The deceased, Paul Hammerschmidt, was riding in an automobile driven by one Welder and was proceeding along Lindale Road in the direction of a bridge or viaduct, upon the approach to said bridge.

Welder was about to enter upon the bridge when the rear wheels of his machine slid to the right. It was claimed at that point the roadway was washed out and caused the rear end of the automobile to proceed over the precipitous bank so that the forward motion of the machine brought the right hand side thereof against the end of the railing of the viaduct in such a manner that the end of the tmiber drove through the right hand side of the automobile and pierced the body of Paul Hammerschmidt which caused his death.

The two allegations of negligence alleged in the petition were that the commissioners failed to keep the road in repair and that they failed to maintain proper guard rails as required by law. The defendants moved the court to direct a verdict in its favor, which motion was granted by the court for the reasons that: "There was not a scintilla of evidence in plaintiff's case, showing that the bridge was a county bridge, and that the county was under no obligation to build guard rails on the approach of the bridge." It was also held: "It is conceded by counsel for Hammerschmidt that repairs in the roadway at the place of the accident would not have exceeded $50; and for that reason there was no duty upon the county

to repair the defect in the road because cost of these repairs were under $50. Error was prosecuted and the Court of Appeals held:

1. There is, from examination of the record, ample justification for the conclusion reached to the effect that there is no evidence tending to show that the bridge was a county bridge.

2. It follows that there can be no obligation on part of the commissioners to build guard rails at the approach of said bridge unless same was, according to evidence, a county bridge.

3. The only recourse which plaintiff can have is to the allegation in her petition that the commissioners were negligent in failing to keep that part of the roadway constituting an approach to said bridge in proper repair as required by law.

4. A claim for damages on account of injuries alleged to have been due to negligence in keeping the approach to a bridge in proper repair can not be enforced against county commissioners in the absence of any showing that the cost of such repairs would have exceeded $50. Chapman v. Commissioners, 26 CC. ns. 204.

5. There is, in the record, the unqualified admission on part of Hammerschmidt that the repairs of said part of roadway would not have exceeded in cost, $50.

Judgment of Common Pleas will, therefore, be affirmed.

Judgment affirmed.

Attorneys—Chas. M. Knight for Hammerschmidt; E. C. Stanton for Dietrick et; both of Cleveland.